UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN PERKINS,

    Plaintiff,

    v.

T. ANDERSON *et al.*,

    Defendants.

Case No. C06-5160FDB

REPORT AND RECOMMENDATION:

**NOTED FOR:
JUNE 9TH, 2006**

    This civil rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B). Plaintiff is an inmate currently incarcerated at the Clallam Bay Corrections Center. Plaintiff is proceeding *in forma pauperis*. (Dkt. # 5). Plaintiff filed this action to challenge a disciplinary hearing in which he lost 100 days good time credits. (Dkt. # 6), Plaintiff specifically seeks restoration of good time and custody points taken from him. (Dkt. # 6).

## FACTS

    Plaintiff was infracted while housed at the Olympic Correction Center. He had a hearing and the hearings Lieutenant found him guilty and recommended loss of good time credits and custody points. After the hearing plaintiff was transferred to Clallam Bay Corrections Center.

## DISCUSSION

    When a person confined by the state is challenging the very fact or duration of his physical

REPORT AND RECOMMENDATION - 1

imprisonment, and the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" <u>Heck v. Humphrey</u>, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

<u>Id</u>. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." <u>Butterfield v. Bail</u>, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997)).

Plaintiff is challenging the propriety of the decision to revoke good time credits and this action must be filed as a habeas corpus petition. This action should be **DISMISSED WITHOUT PREJUDICE.** A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 7th, 2006.**

DATED this 15th day of May, 2006.

    */S/ J. Kelley Arnold*
    J. Kelley Arnold
    United States Magistrate Judge

REPORT AND RECOMMENDATION - 2